# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# WESTERN DIVISION

## NO. 5:10-cv-328-BO

| | |
|---|---|
| MATTHEW GRAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND** |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES FEDERAL ) | |
| BUREAU OF INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Plaintiff Matthew Graves's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and for frivolity review. Plaintiff is unemployed and has no income. Accordingly, he has demonstrated appropriate evidence of inability to pay the required court costs, and his application is allowed.

Notwithstanding the Court's determination that Plaintiff is entitled to *in forma pauperis* status, further inquiry must be made before the action can proceed. A court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *see Michau v. Charleston County, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006) ("Under 28 U.S.C.A. § 1915(e), which governs IFP filings . . ., a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim."). A case is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Notwithstanding, the Court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). But absent such wholly fantastic claims, the "initial assessment of the *in forma pauperis* plaintiff's factual allegations must be weighted in favor of the plaintiff." *Id.* at 32.

After careful review of the complaint, and giving due consideration to Plaintiff's *pro se* status, the Court concludes that Plaintiff's complaint is frivolous. Plaintiff stated that he is a trained Quality Assurance Laboratory Chemist and that he has applied for hundreds of jobs since 2008, but has not been extended an interview or offer of employment. Pl.'s Compl. at 3. Plaintiff initiated this suit against the Federal Bureau of Investigation "as they were also contacted and still have failed to help me find a solution to this white-collar administrative problem." *Id.* Plaintiff also detailed a number of physical injuries he sustained while employed with various companies and generally asserted that he suffered "discriminatory offenses," including financial harm. *Id.* Plaintiff, among other things, claimed that if he were found dead it would be the result of a conspiracy by the United States. *Id.* at 4. Plaintiff claimed millions of dollars in damages from Wake County and the United States. *Id.* Based on the allegations made in the complaint, the Court finds no basis for claims against the named defendant, the Federal Bureau of Investigation. The Court further finds that Plaintiff has failed to state any claim cognizable in Federal Court.

## CONCLUSION

Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**. The Court **RECOMMENDS** that the complaint be **DISMISSED** as frivolous.

The Clerk shall send a copy of this Memorandum and Recommendation to the *pro se* Plaintiff, who shall have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

This the 2nd day of Sept., 2010.

DAVID W. DANIEL
United States Magistrate Judge